UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COLUMBUS NEVELS MILLER,

    Plaintiff,

vs.                                      Case No. 20-12510

MICHAEL E. CLAPP,    et al.,                HON. MARK A. GOLDSMITH

    Defendants.
_____/

**OPINION & ORDER
DISMISSING THE COMPLAINT AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

    Michigan prisoner Columbus Nevels Miller ("Plaintiff"), currently confined at the Central Michigan Correctional Facility in St. Louis, Michigan, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Compl. at PageID.1-4 (Dkt. 1). Plaintiff's claims arise from his allegation that the trial judge presiding over his state-court criminal proceedings sentenced him in reliance on a presentence investigation report ("PSIR") recommending a less favorable sentence than an earlier version of the PSIR. Id. at PageID.4-7. Plaintiff alleges that Defendants conspired to withhold the earlier PSIR from Plaintiff and from the state-court record. Id. at PageID.7. Accordingly, Plaintiff seeks monetary compensation for the alleged violation of his due process rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments. Id. at PageID.7, 11. For the reasons that follow, the Court summarily dismisses the complaint.

                **I.    BACKGROUND**

    The complaint sets forth the following factual allegations, which the Court presumes to be true for purposes of the present opinion. On May 2, 2019, Plaintiff pleaded guilty in Shiawassee

County Circuit Court to the following nonviolent offenses: (i) operating a motor vehicle while intoxicated, (ii) receiving and concealing stolen property, (iii) violation of probation, and (iii) being a fourth habitual offender. Id. at PageID.3. The trial judge sentenced Plaintiff to 46 to 90 months' imprisonment. Id. Plaintiff was represented throughout the plea negotiations and at sentencing by court-appointed counsel Defendant Douglas Corwin, and was represented on appeal by Defendant Gerald Ferry. Id. at PageID.3-4. Both the Michigan Court of Appeals and the Michigan Supreme Court denied Plaintiff's applications for leave to appeal his sentence. Id. at PageID.4.

As noted above, the basis for Plaintiff's complaint is that the state-court trial judge sentenced him in reliance on a PSIR recommending a less favorable sentence than an earlier version of the PSIR. Id. Plaintiff alleges that on April 1, 2019, Defendant Michael Clapp, a probation officer, prepared a PSIR (the "April 1 PSIR") recommending that Plaintiff be referred to a residential substance abuse treatment program and that his probation be extended for one year. Id. at PageID.5-6. However, on April 30, 2019, Clapp prepared another PSIR (the "April 30 PSIR") recommending that Plaintiff be sentenced in one of his cases to a prison term of 46 months to life, with credit for 225 days served, and that he be sentenced in the other case to a prison term of 46 months to life, with credit for 224 days served. Id. at PageID.4. Both PSIRs were approved by Clapp's supervisor, Defendant Cynthia Vanlake. Id. at 4, 7.

Several days before Plaintiff's sentencing hearing, Clapp engaged in ex parte communication with the trial judge, during which they conspired to withhold the April 1 PSIR from the state-court record. Id. at 8. Because the trial judge relied on the April 30 PSIR in delivering Plaintiff's sentence, Plaintiff ultimately received a sentence of 46 to 90 months' imprisonment as opposed to a probationary sentence. Id. at PageID.7. The trial judge did not

advise Plaintiff of the April 1 PSIR, and Plaintiff was unaware of the April 1 PSIR until May 11, 2019, when he was transferred to a different prison. Id. at PageID.5-6, 8. Although Plaintiff discussed the discrepancies between the two PSIRs with his appellate counsel, Ferry did not raise the issue on appeal. Id. at 8-9. Plaintiff now claims that Defendants Corwin, Ferry, Clapp, and Vanlake, as well as John Does 1-10 and Jane Does 1-10, conspired to withhold the more favorable April 1 PSIR from him and from the state court's record. Id. at PageID.7, 9.

In his complaint, Plaintiff claims that Defendant violated his due process rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments. Id. at PageID.7, 11. While he acknowledges that he "does not seek reversal of his criminal conviction," he requests monetary compensation in connection with these claims. Id. at 11 (emphasis in original).

## II. STANDARD OF REVIEW

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. 9/28/20 Order (Dkt. 5). Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b).

A pro se civil rights complaint is to be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972). Nevertheless, Federal Rule of Civil Procedure 8(a) requires that a complaint

set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To meet this pleading standard, the plaintiff must allege sufficient facts to state a claim to relief above the speculative level, such that it is "plausible on its face." Id. at 570. The plausibility standard requires courts to accept the alleged facts as true, even when their truth is doubtful, and to make all reasonable inferences in favor of the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555-556.

Evaluating a complaint's plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. Although a complaint that offers no more than "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" will not suffice, id. at 678, it need not contain "detailed factual allegations," Twombly, 550 U.S. at 555; see also Erickson v. Pardus, 551 U.S. 89, 93 (2007) ("[S]pecific facts are not necessary . . . ."). Rather, a complaint needs only enough facts to suggest that discovery may reveal evidence of illegality, even if the likelihood of finding such evidence is remote. Twombly, 550 U.S. at 556.

### III.   DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (i) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (ii) the deprivation was caused by a person acting under color of state law. Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010). Here, Plaintiff's complaint fails to assert a plausible § 1983 claim in multiple respects.

First, the sole federal remedy for a state prisoner's challenge to the fact or duration of physical imprisonment is a petition for a writ of habeas corpus, following exhaustion of state remedies. Preiser v. Rodriguez, 411 U.S. 475, 499 n.14, 500 (1973). "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994). If it would, the § 1983 claim is not cognizable and "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. Thus, unless a state prisoner's conviction or sentence has been previously invalidated, his "§ 1983 action is barred . . . no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

In the present case, Plaintiff has not alleged that his sentence has been invalided by state officials or by a federal judge on habeas corpus review. To the contrary, Plaintiff has alleged that both the Michigan Court of Appeals and Michigan Supreme Court have denied leave to appeal. Further, although Plaintiff asserts that he is not seeking reversal of his criminal convictions, the substance of his complaint clearly challenges the validity of his sentence. Specifically, Plaintiff alleges that, because the trial court relied on the April 30 PSIR, which was the product of the alleged conspiracy, he is serving a prison sentence instead of a probationary sentence. Compl. at PageID.7. Thus, awarding monetary damages in connection with these allegations would necessarily demonstrate the invalidity of Plaintiff's prison sentence. Consequently, Plaintiff's present claims are not a cognizable in this § 1983 civil rights action.

Second, Plaintiff's claims against Corwin, his court-appointed trial counsel, and Ferry, his appellate counsel, fail as a matter of law. It is well established that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981). In fact, whether retained or appointed by the State, defense attorneys do not act under color of law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Floyd v. Cty. of Kent, 454 F. App'x, 493, 497 (6th Cir. 2012) (citing Dodson, 454 U.S. at 325). For this reason, Plaintiff has not stated plausible claims against Corwin or Ferry.

Third, Plaintiff's claims against probation officer Clapp and his supervisor, Vanlake, are barred under the doctrine of quasi-judicial immunity. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994). "A probation officer preparing and submitting a probation report in a criminal case is performing a 'quasi-judicial' function and is entitled to a similar, if not the same, immunity that is accorded to judges for acts done by them in the exercise of their judicial functions." Burkes v. Callion, 433 F.2d 318, 319 (9th Cir. 1970); see also Turner v. Barry, 856 F.2d 1539, 1540 (D.C. Cir. 1988) (extending quasi-judicial immunity to state probation officers who allegedly violated a plaintiff's constitutional rights by failing to prepare a proper presentence report); Spaulding v. Nielsen, 599 F.2d 728, 729 (5th Cir. 1979) (same, with respect to federal probation officers). Courts have reasoned as follows:

> The presentence report is an integral part of the judicial function of sentencing. When preparing presentence reports, the probation officer acts at the specific request of the court and submits the results of the investigation to the sentencing court for its evaluation. Charged with the duty of impartial fact finding for the court, probation officers typically serve as an arm of the sentencing judge.

> We agree that the prospect of damage liability under section 1983 would seriously erode the officer's ability to carry out his independent fact finding function and would, as a result, impair the sentencing judge's ability to carry out his judicial duties.

Turner, 856 F.2d at 1540-1541 (internal marks and citations omitted).

Under this authority, Clapp and Vanlake enjoy immunity from Plaintiff's claims premised on Clapp's preparation of—and Vanlake's approval of—the PSIRs. See Smith v. Stanton, 545 F. Supp. 2d 302, 306 (W.D.N.Y. 2008) (concluding that the plaintiff's probation officer and the probation officer's supervisor were immune from suit in an action for injunctive relief and money damages based on the preparation of the presentence report).

Finally, Plaintiff has failed to state sufficiently specific claims against the John and Jane Doe Defendants. "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987). To prove a claim of conspiracy under § 1983, a plaintiff must prove that "there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." Spadafore v. Gardner, 330 F.3d 849, 854 (6th Cir. 2003) (internal marks omitted).

Here, Plaintiff's pleadings are plainly insufficient to satisfy this standard with respect to the John and Jane Doe Defendants. Plaintiff has not alleged what roles the John and Jane Does played in conspiring against him. He has not alleged with any specificity that the John and Jane Does shared in a general conspiratorial objective, or that they committed some overt act in furtherance of the conspiracy. In fact, the complaint is devoid of any mention of these Defendants. Plaintiff's conclusory allegations of conspiracy, unsupported by specific and material facts, fail to state a plausible claim against these unnamed defendants.

7

## IV. CONCLUSION

For the reasons set forth above, Plaintiff has failed to state a claim for which relief may be granted. Accordingly, the Court summarily dismisses the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court also certifies that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED.

Dated: November 23, 2020      s/Mark A. Goldsmith
     Detroit, Michigan     MARK A. GOLDSMITH
      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 23, 2020.

    s/Marlena Williams
    In the absence of Karri Sandusky
    Case Manager